IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

ZAK SHAIK,                              )
                                        )
                                        )
                                        )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )     Case No. CIV-24-252-RAW-GLJ
                                        )
MARK MELTON, et al.,                    )
                                        )
                                        )
                                        )
                                        )
                                        )
                                        )
                                        )
            Defendants.                 )

### **ORDER**

Before the court is the objection of the plaintiff to the Report and Recommendation of the United States Magistrate Judge. It recommended that plaintiff's *in forma pauperis* status, previously granted (#5) be revoked.

Plaintiff having filed a timely objection, the court must conduct a de novo review of the issues specifically raised by the objection, and may accept, modify, or reject the recommended disposition. *See* 28 U.S.C. §636(b)(1); Rule 72(b)(3) F.R.Cv.P. Defendants have not filed a response to the objections.

The Report and Recommendation relates that plaintiff initiated this action alleging claims under federal and Oklahoma law. Plaintiff's motion for *in forma pauperis* status was

granted on July 22, 2024. Subsequently, plaintiff filed an action (also in the Eastern District of Oklahoma) numbered 24-cv-311-RAW. In reviewing that application for *in forma pauperis* status, the Magistrate Judge found "the absence of information regarding any income, residence or living expenses." (#87 at 3). After a hearing, the Magistrate Judge "concluded [in 24-cv-311] that [plainitff's] IFP motion was materially incomplete, misleading and false, and should be denied."

Finding that the IFP application in 24-cv-311 was identical to the application in the case at bar, the Magistrate Judge concluded that "[a]lthough the undersigned Magistrate Judge previously granted Plaintiff's [IFP application], with the benefit of additional information, it is now clear that decision was in error." (#87 at 6). He did not recommend dismissal but rather revocation of plaintiff's IFP status.

Plaintiff's objection generally asserts that reconsidering IFP status which has already been granted is inappropriate. The undersigned disagrees. Proceeding IFP in a civil case is a privilege, not a right. *White v. Colorado,* 157 F.3d 1226, 1233 (10th Cir.1998). Courts have discretion to revoke that privilege when it no longer serves its goals. *Treff v. Galetka,* 74 F.3d 191, 197 (10th Cir.1996). *See also Gresham v. Stewart,* 2017 WL 75967, *2 (E.D.Mich.2017)(Courts are permitted to revoke previously granted *in forma pauperis* status if it later becomes evident that the original IFP status should not have been granted). Preliminary screening of complaints does not violate the Constitution's right to court access. *See Curley v. Perry,* 246 F.3d 1278, 1284 (10th Cir.2001).

Contrary to plaintiff's objection, it is also within a court's authority to take notice of filings in other court proceedings, in this instance a proceeding in the same district court and involving the same plaintiff. *See St. Louis Baptist Temple, Inc. v. Federal Deposit Ins. Corp.,* 605 F.2d 1169, 1172 (10th Cir.1979); Rule 201(c)(1) F.R.Evid.; 21B Wright & Graham, *Federal Practice and Procedure,* §5106.4 at 230 (2005 ed.).

It is the order of the court that the objection of the plaintiff (#88) is hereby denied. The Report and Recommendation (#87) is affirmed and adopted as the order of the court. Plaintiff's previously-granted (#5) *in forma pauperis* status is revoked. Plaintiff is granted fourteen (14) days from the date of this order to pay the full filing fee in this action. If plaintiff fails to timely pay the full filing fee in this action, this action will be dismissed without prejudice.

**IT IS SO ORDERED** this 20th day of DECEMBER, 2024.

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**